IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:10-CR-75-D
No. 7:14-CV-24-D

| | |
|---|---|
| DESMON TERRILL BARNHILL, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | **ORDER** |

On January 30, 2014, Desmon Terrill Barnhill ("Barnhill") moved to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255 [D.E. 180]. On May 19, 2014, the government moved to dismiss Barnhill's section 2255 motion [D.E. 186]. On June 17, 2014, Barnhill responded in opposition [D.E. 189]. As explained below, the court grants the government's motion to dismiss and dismisses Barnhill's section 2255 motion.

On June 24, 2010, a federal grand jury in the Eastern District of North Carolina indicted Barnhill and charged him with conspiring to distribute and to possess with intent to distribute 500 grams or more of cocaine and 50 grams or more of cocaine base (crack) in violation of 21 U.S.C. §§ 846 and 841(a)(1) (count one), and with three counts of distributing a quantity of cocaine in violation of 21 U.S.C. § 841(a)(1) (counts six, eight, and ten). See [D.E. 1]. On June 6, 2011, Barnhill pleaded guilty, without a plea agreement, to counts six and eight, but pleaded not guilty to counts one and ten. See [D.E. 64]; 1st Arraignment Tr. [D.E. 143] 32–35.

On October 3, 2011, the United States Attorney for the Eastern District of North Carolina charged Barnhill by criminal information with conspiring to distribute and to possess with intent to

distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1) [D.E. 94]. The same day, pursuant to a plea agreement [D.E. 101] and a waiver of indictment [D.E. 100], Barnhill pleaded guilty to that charge. See [D.E. 99]; 2d Arraignment Tr. [D.E. 144] 25–26. The conspiracy charge to which Barnhill pleaded guilty covered the same time period as count one of the original indictment, but unlike the indictment, did not mention crack cocaine.

Before sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSR") in which it found Barnhill to be accountable for 1,884.28 grams of powder cocaine, 1,042 grams of crack cocaine, 5 prescription pills, and 1.92 grams of oxycodone. See PSR [D.E. 109] ¶ 24. On February 16, 2012, the court held Barnhill's sentencing hearing. See [D.E. 114]. At the hearing, the court adopted the uncontested portions of the PSR. See Fed. R. Crim. P. 32(i)(3)(A). Barnhill contested the PSR's findings about drug weight, and in particular contended that he had not trafficked crack cocaine. Sentencing Tr. [D.E. 158] 6, 62–64; see Def. Sentencing Mem. [D.E. 113] 1–5. The court heard evidence on the matter, and found that the PSR's determination of the drug weight attributable to Barnhill was accurate. See Sentencing Tr. 69–72; Fed. R. Crim. P. 32(i)(3)(B). The court then calculated Barnhill's advisory guideline range to be 168 to 210 months' imprisonment. See Sentencing Tr. 72. After considering the evidence presented, the arguments of counsel, and the section 3553(a) factors, the court sentenced Barnhill to 180 months' imprisonment on each count, to run concurrently. See id. 78–82; Judgment [D.E. 120].

Barnhill appealed his sentence. See [D.E. 119]. On appeal, Barnhill's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there were no meritorious issues for appeal, but questioning "whether Barnhill's guilty pleas were knowingly and voluntarily made, whether trial counsel rendered ineffective assistance, and whether Barnhill's sentence [was]

2

procedurally and substantively reasonable." United States v. Vaught, 503 F. App'x 217, 219 (4th Cir. 2013) (per curiam) (unpublished). On January 7, 2013, the Fourth Circuit dismissed Barnhill's appeal in part and affirmed Barnhill's conviction and sentence, finding among other things that Barnhill had "fail[ed] to establish any clear error in the district court's calculation[] of the drug quantities attributable to [him]." Id. at 221. In doing so, the court declined to address Barnhill's ineffective-assistance claim. See id. at 220. Barnhill did not file a petition for certiorari, and his judgment of conviction became final on April 7, 2013, when the time to do so expired. See Clay v. United States, 537 U.S. 522, 525 (2003); United States v. Sanders, 247 F.3d 139, 142–43 (4th Cir. 2001).

Barnhill asserts three claims for relief in his section 2255 motion. First, Barnhill asserts that he was deprived of his Sixth Amendment right to effective assistance of counsel because trial counsel allegedly failed to properly advise him concerning his guilty plea. See [D.E. 180-1] 5–7. Second, Barnhill asserts that he was deprived of effective assistance because trial counsel allegedly did not sufficiently familiarize himself with the law governing attribution of drug weight to a defendant at sentencing. See id. 7–10. Third, Barnhill asserts that the court engaged in judicial fact-finding at sentencing in violation of Alleyne v. United States, 133 S. Ct. 2151 (2013). See [D.E. 180-1] 10–13.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord

3

Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion to vacate, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

As for Barnhill's claims of ineffective assistance of counsel, "[t]he Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotation omitted); see Strickland v. Washington, 466 U.S. 668, 687–91 (1984). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding. See, e.g., Missouri v. Frye, 132 S. Ct. 1399, 1405 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012); Smith v. Murray, 477 U.S. 527, 535–36 (1986). A defendant is entitled to effective assistance of counsel when pleading guilty, and a guilty plea cannot stand if, due to counsel's ineffective assistance, it was involuntary or unknowing. See, e.g., Hill v. Lockhart, 474 U.S. 52, 56–57 (1985); Fields v. Att'y Gen., 956 F.2d 1290, 1296–97 & n.17 (4th Cir. 1992). Moreover, "sentencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and

4

reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover v. United States, 531 U.S. 198, 203–04 (2001).

An individual alleging ineffective assistance of counsel must demonstrate that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance caused the individual prejudice. See Strickland, 466 U.S. at 687; see also Frye, 132 S. Ct. at 1409–10; Lafler, 132 S. Ct. at 1384–85; Hill, 474 U.S. at 57–58; Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc). When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 687. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

Barnhill contends that his trial counsel provided ineffective assistance by allegedly failing to advise Barnhill that, even though the conspiracy count to which he pleaded guilty did not charge him with trafficking crack cocaine, evidence that he had in fact trafficked crack cocaine could be used to calculate his advisory guideline range. See [D.E. 180-1] 5–7. The record belies this claim. At both arraignments, the court advised Barnhill of, and Barnhill affirmed that he understood, the charges against him, the maximum potential penalties associated with those charges, and the consequences of pleading guilty. See 1st Arraignment Tr. 6–15, 23–32; 2d Arraignment Tr. 3–12,

5

18–20. Likewise, the court advised Barnhill of, and Barnhill affirmed that he understood, that the court would determine the appropriate sentence in his case, and that no estimate or promise that Barnhill's counsel made about the sentence would be binding on the court. See 1st Arraignment Tr. 28–29; 2d Arraignment Tr. 20–21. The court is entitled to rely on Barnhill's sworn statements at his arraignments. See United States v. Lemaster, 403 F.3d 216, 221–22 (4th Cir. 2005). Thus, even if Barnhill's counsel failed to properly advise him concerning his guilty plea, the court cured any potential prejudice at Barnhill's arraignments. Thus, Barnhill's first claim of ineffective assistance of counsel fails.

Next, Barnhill claims that his trial counsel did not sufficiently familiarize himself with the law governing attribution of drug weight to a defendant at sentencing. See [D.E. 180-1] 7–10. The record also belies this claim. Barnhill's counsel made appropriate objections to the drug weight at sentencing, and vigorously cross-examined the government's witnesses and argued to the court on the issue. See Sentencing Tr. 6, 26–35, 54–60, 62–64. Barnhill has not identified any aspect of his counsel's performance that could be considered objectively unreasonable. See, e.g., Strickland, 466 U.S. at 687–90. Thus, Barnhill's second claim of ineffective assistance of counsel fails.

Finally, Barnhill asserts that the court engaged in judicial fact-finding at sentencing in violation of Alleyne v. United States, 133 S. Ct. 2151 (2013). Specifically, Barnhill asserts that the court violated Alleyne by holding him accountable for trafficking crack cocaine even though the conspiracy count to which he pleaded guilty did not charge him with trafficking crack cocaine. See [D.E. 180-1] 10–13. Alleyne does not help Barnhill because it was decided after his conviction became final, and does not apply retroactively on collateral review. See, e.g., United States v. Stewart, 540 F. App'x 171, 172 n.* (4th Cir. 2013) (per curiam) (unpublished); see also In re

Mazzio, No. 13-2350, 2014 WL 2853722, at *2–3 (6th Cir. June 24, 2014); United States v. Winkelman, 746 F.3d 134, 136 (3d Cir. 2014); United States v. Harris, 741 F.3d 1245, 1250 n.3 (11th Cir. 2014); United States v. Redd, 735 F.3d 88, 91–92 (2d Cir. 2013) (per curiam); In re Payne, 733 F.3d 1027, 1029 (10th Cir. 2013) (per curiam); In re Kemper, 735 F.3d 211, 212 (5th Cir. 2013) (per curiam); Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013).

Alternatively, even if Alleyne did apply retroactively, it would not help Barnhill. Alleyne holds that any fact supporting an enhanced mandatory minimum sentence must be alleged in the indictment and be admitted by the defendant or found by a jury beyond a reasonable doubt. See Alleyne, 133 S. Ct. at 2155. Barnhill's criminal information alleged the drug type and quantity—500 grams or more of cocaine—that subjected Barnhill to a five-year mandatory minimum sentence. [D.E. 94]; see 21 U.S.C. § 841(b)(1)(B). Barnhill knowingly and voluntarily waived his right to a jury determination of this fact by pleading guilty, and his guilty plea satisfied the government's burden of proof. 2d Arraignment Tr. 25–26; see, e.g., United States v. Booker, 543 U.S. 220, 244 (2005); United States v. Hood, 545 F. App'x 557, 560 (7th Cir. 2013) (per curiam) (unpublished). Moreover, Alleyne has no impact on a court's ability to apply the advisory sentencing guidelines, including making findings of fact concerning drug weight that do not impact a statutory minimum or maximum. See, e.g., Alleyne, 133 S. Ct. at 2163; United States v. Benn, No. 12–4522, 2014 WL 2109806, at *11–12 & n.4 (4th Cir. May 21, 2014) (per curiam) (unpublished) (collecting cases); United States v. Ramirez-Negron, 751 F.3d 42, 48–49 (1st Cir. 2014) (collecting cases); United States v. Gibbs, 547 F. App'x 174, 185 n.4 (4th Cir. 2013) (per curiam) (unpublished); United States v. Johnson, 732 F.3d 577, 583–84 (6th Cir. 2013); United States v. Claybrooks, 729 F.3d 699, 707–08 (7th Cir. 2013). Accordingly, Barnhill's Alleyne claim fails.

7

After reviewing the claims presented in Barnhill's motion, the court determines that reasonable jurists would not find the court's treatment of any of Barnhill's claims debatable or wrong, and that none deserve encouragement to proceed any further. Thus, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c).

In sum, the court GRANTS the government's motion to dismiss [D.E. 186], DISMISSES Barnhill's section 2255 motion [D.E. 180], and DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This 9 day of August 2014.

JAMES C. DEVER III
Chief United States District Judge