IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:10-CR-75-D-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DESMON TERRILL BARNHILL, | ) | |
| | ) | |
| Defendant. | ) | |

On June 6, 2011, without a written plea agreement, Desmon Terrill Barnhill ("Barnhill") pleaded guilty to distributing a quantity of cocaine (counts six and eight of the indictment). See [D.E. 64, 143]. On October 3, 2011, pursuant to a written plea agreement, Barnhill pleaded guilty to conspiracy to possess with the intent to distribute 500 grams or more of cocaine (count one of the superseding criminal information). See [D.E. 99, 101, 144]. On February 16, 2012, the court held Barnhill's sentencing hearing. See [D.E. 114, 120, 158]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR") and ruled on Barnhill's objections to the PSR [D.E. 109]. See Fed. R. Crim. P. 32(i)(3)(A)-(B); Sentencing Tr. [D.E. 158] 5–73. The court calculated Barnhill's total offense level to be 33, his criminal history category to be III, and his advisory guideline range to be 168 to 210 months' imprisonment. See Sentencing Tr. at 69–73. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Barnhill to 180 months' imprisonment per count to run concurrently. See id. at 78–84. Barnhill appealed. On January 7, 2013, the United States Court of Appeals for the Fourth Circuit affirmed this court's judgment. See United States v. Barnhill, 503 F. App'x 217, 218–21 (4th Cir. 2013) (per curiam) (unpublished).

On August 3, 2015, Barnhill moved (pro se) for a sentence reduction. See [D.E. 204]. On October 26, 2015, Barnhill moved (through counsel) for a sentence reduction under 18 U.S.C.

§ 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 211]. Barnhill's new advisory guideline range is 135 to 168 months' imprisonment, based on a total offense level of 31 and a criminal history category of III. See Resentencing Report. Barnhill requests a 145-month sentence. See id.; [D.E. 211].

The court has discretion under Amendment 782 to reduce Barnhill's sentence. See, e.g., Chavez-Meza v. United States, No. 17-5639, 2018 WL 3013811, at *4–7 (U.S. June 18, 2018); Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Barnhill's sentence, the court finds that Barnhill engaged in serious criminal behavior involving a large quantity of illegal narcotics and firearms. See PSR ¶¶ 16–24. Moreover, Barnhill is a recidivist and has convictions for possession of marijuana, driving after consuming under age 21, possession of drug paraphernalia, and larceny. See id. ¶¶ 26–31. Moreover, Barnhill has performed poorly on supervision and has no virtually work history. See id. ¶¶ 27, 48–50. Nonetheless, Barnhill has taken some positive steps while incarcerated on his federal sentence. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Barnhill received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Barnhill's sentence would threaten public safety in light of his serious

criminal conduct and criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Barnhill's motion for reduction of sentence under Amendment 782. See, e.g., Chavez-Meza, 2018 WL 3013811, at *4–7; Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Barnhill's motions for reduction of sentence [D.E. 204, 211].

SO ORDERED. This 10 day of June 2018.

JAMES C. DEVER III
Chief United States District Judge